Per Curiam.

The action is to recover damages for breach of a written contract. The plaintiffs are business brokers. On January 23, 1948, the defendant called on the plaintiffs seeking to purchase a restaurant. He signed an agreement that listed the names of several prospects, including the Yalta Restaurant, and received information as to purchase price and volume of business at each location. The agreement provided, inter alia, that “ * * * in the event he [defendant] purchases any of the above businesses * * * he will notify the broker herein immediately, and that in the event he fails to do so he will become personally liable for the commission due to the broker.”
Several months later the Yalta Restaurant was offered to the defendant by another broker. It was eventually bought by the defendant, who failed to notify the plaintiffs prior to the closing of the transaction.
In this action the plaintiffs sue to recover the sum of $4,500 as the amount of an alleged agreed commission of 10% on the purchase price of the restaurant pursuant to the agreement aforesaid. The trial court, however, awarded a judgment of $1,500 on a quantum meruit basis, although no such cause of action was pleaded.
While we think that such judgment was unwarranted under the pleadings so as to require a new trial in any event, it is our further view that the complaint should have been dismissed for the plaintiffs’ failure to establish any right to recover against the defendant for breach of contract. We interpret the agreement to mean that commissions must have been due to the broker from the seller, before the defendant would be liable to the plaintiffs under the contract in suit. The plaintiffs did not have an exclusive listing of the Yalta Restaurant and made no effort to bring the principals together or consummate the sale. Of course, liability might arise for any fraudulent or wrongful conduct, but no such claim is involved in this ease. Concededly, the ultimate sale was not made through the plaintiffs’ efforts and no commissions had been earned by them. Therefore, the plaintiffs did not suffer any damage within the contemplation of the contract due to the defendant’s failure to notify.
The judgment appealed from should be reversed, with costs, and the complaint dismissed.
Glennon, J. P., Dore, Callahan, Yan Yoorhis and Shientag, JJ., concur.
Judgment unanimously reversed, with costs to the appellant, and the complaint dismissed.